IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RAYSEAN BARBER,<br><br>             Plaintiff,<br><br>vs.<br><br>SCOTT FRAKES, DR. BRANDON HOLLISTER, DR. JEFFREY KASSELMAN, DR. NATALIE BAKER, DR. MEREDITH GRIFFIN, DR. SEAN SEARS, and DR. JASON OURADA,<br><br>             Defendants. | **8:20CV282**<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the court for case management. On April 28, 2021, the court entered a Memorandum and Order (Filing 15) authorizing service of process. On May 19, 2021, the summons issued to Defendant Dr. Jason Ourada was returned unexecuted. (Filing 23.) Upon further investigation and consultation with the Marshals Service,

      IT IS THEREFORE ORDERED that:

      1.    The Clerk of the Court is directed to complete a new summons form and a USM-285 form for service of process on Defendant Dr. Jason Ourada, in his individual capacity, using this address:

    Dr. Jason Ourada
    Psychiatry Clinic at Poynter Hall
    510 S. 42nd St.
    Omaha, NE 68131

The Clerk shall then forward these completed forms, together with a copy of the Second Amended Complaint (Filing 14), the court's April 28, 2021 Memorandum and Order (Filing 15), and this Memorandum and Order, to the Marshals Service for service upon Dr. Jason Ourada by certified mail or other authorized method.[1] *See* Fed. R. Civ. P. 4(e); Neb. Rev. Stat. § 25-508.01(1).

2. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

Dated this 7th day of June, 2021.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge

---

[1] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory). *See, e.g., Beyer v. Pulaski County Jail*, 589 Fed. Appx. 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the Jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).