# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RAYSEAN BARBER,<br><br>Plaintiff,<br><br>vs.<br><br>SCOTT FRAKES, DR. BRANDON HOLLISTER, DR. JEFFREY KASSELMAN, DR. NATALIE BAKER, DR. MEREDITH GRIFFIN, DR. SEAN SEARS, and DR. JASON OURADA,<br><br>Defendants. | 8:20CV282<br><br>**MEMORANDUM<br>AND ORDER** |

This matter is before the court on Plaintiff's motions for clerk's entry of default (Filings 32, 38) and Plaintiff's motions for default judgment (Filings 26, 37).

In Filing 32, which was received and docketed by the Clerk of Court on June 10, 2021, Plaintiff requests that a default be entered against Defendants Dr. Natalie Baker and Dr. Meredith Griffin. The record shows Dr. Baker was served with summons on May 4, 2021 (Filing 17), and Dr. Griffin was served with summons on May 5, 2021 (Filing 21), but neither Defendant has entered an appearance. The Federal Rules of Civil Procedure require a defendant to answer a complaint, or to otherwise defend against a complaint, "within 21 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a).

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Accordingly, I shall order the Clerk of Court to enter a default against Defendants Baker and Griffin.

1

In Filing 38, which was received and docketed by the Clerk of Court on June 30, 2021, Plaintiff requests that a default be entered against Defendants Scott Frakes, Dr. Jeffrey Kasselman, and Dr. Brandon Hollister. Each of these Defendants timely filed an Answer on June 25, 2021 (Filings 34, 35, 36.) Plaintiff's request for entry of a default against these three Defendants therefore will be denied.

In Filing 26, which was received and docketed by the Clerk of Court on June 1, 2021, Plaintiff requests that a default judgment be entered against Defendants Dr. Sean Sears, Dr. Natalie Baker, and Dr. Meredith Griffin. The court finds Plaintiff has withdrawn this motion for default judgment with the filing of an amended motion, Filing 37, which was received and docketed by the Clerk of Court on June 30, 2021. It was determined that Dr. Sears had not been properly served, so a new summons was issued on June 7, 2021. (See Filings 19, 28, 29.)

In Filing 37, Plaintiff renews his request that a default judgment be entered against Defendants Baker and Griffin, and also requests that a default judgment be entered against Defendants Frakes, Kasselman, and Hollister. The request will be denied with respect to Defendants Frakes, Kasselman, and Hollister because they are not in default. Defendants Baker and Griffin are in default, but the court finds no default judgment should be entered at this time.

This case involves Plaintiff's 42 U.S.C. § 1983 Fourteenth Amendment substantive due process claims. In *Frow v. De La Vega,* 82 U.S. (15 Wall.) 552, 21 L. Ed. 60 (1872), "the Supreme Court held that when defendants are sued as jointly liable, and less than all default, the court may not enter default judgment against the defaulted defendants until the liability of the nondefaulted defendants has been decided." *McMillian/McMillian, Inc. v. Monticello Ins. Co.,* 116 F.3d 319, 321 (8th Cir. 1997). "When co-defendants are similarly situated, inconsistent judgments will result if one defendant defends and prevails on the merits and the other suffers a default judgment." *Angelo Iafrate Const., LLC v. Potashnick Const., Inc.*, 370 F.3d 715, 722 (8th Cir. 2004) (citing *Frow*, 82 U.S. at 554). "To avoid such inconsistent results, a judgment on the merits for the answering party should accrue to the benefit of the defaulting party." *Id.*

> When there are multiple defendants who may be jointly and severally liable for damages alleged by plaintiff, and some but less than all of those defendants default, the better practice is for the district court to

2

stay its determination of damages against the defaulters until plaintiff's claim against the nondefaulters is resolved. This is not because the nondefaulters would be bound by the damage determination against the defaulters, but to avoid the problems of dealing with inconsistent damage determinations against jointly and severally liable defendants.

*Pfanenstiel Architects, Inc. v. Chouteau Petroleum Co.*, 978 F.2d 430, 433 (8th Cir. 1992) (citing *In re Uranium Antitrust Litigation*, 617 F.2d 1248, 1261-62 (7th Cir. 1980)).

Here, we have multiple defendants who may be jointly liable for damages arising out of their cooperative actions regarding the involuntary administration of psychotropic medication,[1] but only two of those defendants have defaulted. Under such circumstances, this court should "stay its determination of damages against the defaulters until plaintiff's claim against the nondefaulters is resolved" in order "to avoid the problems of dealing with inconsistent damage determinations against jointly and severally liable defendants." *Pfanenstiel*, 978 F.2d at 433; *Creative Retail Packaging, Inc. v. Freedom Foods*, No. 8:16-CV-411, 2017 WL 7411003, at *1 (D. Neb. May 9, 2017) (granting default judgment as to liability only as to one defendant, but delaying determination of damages pending disposition of plaintiff's claims against other defendant because claims as to latter defendant were "substantially derived from its claims against" the defaulted defendant and the damages sought against both defendants were the same); 10A Fed. Prac. & Proc. Civ. § 2690 (4th ed. Westlaw 2020) ("As a general rule then, when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted."); *see also* 10A Fed. Prac. & Proc. Civ. § 2685 (4th ed. Westlaw 2020) ("the party making the request is not entitled to a default judgment as of right, even when defendant is technically in default").

---

[1] Defendant Frakes has been sued only in his official capacity as Director of the Nebraska Department of Correctional Services, and then only with respect to Plaintiff's requests for declaratory and injunctive relief.

IT IS THEREFORE ORDERED:

1. Filing 32, Plaintiff's "Request for Default," construed as a motion for clerk's entry of default pursuant to Fed. R. Civ. P. 55(a), is granted, as follows:
   a. The Clerk of Court shall enter a default against Defendant Dr. Natalie Baker for failure to plead or otherwise defend within 21 days after being served with the summons and complaint, as required by Fed. R. Civ. P. 12(a).
   b. The Clerk of Court shall send a copy of this Memorandum and Order to Defendant Dr. Natalie Baker at the address where she was served with process. (See Filing 17.) Defendant Baker should note that should she desire to file a Motion to Set Aside a Default under Fed. R. Civ. P. 55(c) after the Clerk of Court enters a default against her, she must show good cause for her failure to answer Plaintiff's Second Amended Complaint. If Defendant Baker fails to do so, she is subject to a default judgment against her for damages.
   c. The Clerk of Court shall enter a default against Defendant Dr. Meredith Griffin for failure to plead or otherwise defend within 21 days after being served with the summons and complaint, as required by Fed. R. Civ. P. 12(a).
   d. The Clerk of Court shall send a copy of this Memorandum and Order to Defendant Dr. Meredith Griffin at the address where she was served with process. (See Filing 21.) Defendant Griffin should note that should she desire to file a Motion to Set Aside a Default under Fed. R. Civ. P. 55(c) after the Clerk of Court enters a default against her, she must show good cause for her failure to answer Plaintiff's Second Amended Complaint. If Defendant Griffin fails to do so, she is subject to a default judgment against her for damages.

2. Filing 38, Plaintiff's "Praecipe for Entrance of Default," construed as a motion for clerk's entry of default pursuant to Fed. R. Civ. P. 55(a), is denied.

3. Filing 26, Plaintiff's "Motion for Default Judgment," construed as a motion for default judgment pursuant to Fed. R. Civ. P. 55(b), is deemed withdrawn and is denied without prejudice.

4. Filing 37, Plaintiff's "Amended Motion for Default Judgment," construed as a motion for default judgment pursuant to Fed. R. Civ. P. 55(b), is denied in part, and is otherwise held in abeyance, as follows:
   a. The motion for default judgment as against Defendants Scott Frakes, Dr. Jeffrey Kasselman, and Dr. Brandon Hollister is denied.
   b. The motion for default judgment as against Defendants Dr. Natalie Baker and Dr. Meredith Griffin is held in abeyance until this matter has been adjudicated as to all Defendants.
   c. The Clerk of the Court is instructed not to "term" Filing 37.

5. The court will not enter a progression order until all Defendants have answered or have defaulted. *See* paragraph 18 of General Order No. 2020-1 (Filing 5).

Dated this 2nd day of July 2021.

                                BY THE COURT:

                                *Richard G. Kopf*

                                Richard G. Kopf
                                Senior United States District Judge