IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RAYSEAN BARBER,<br><br>                Plaintiff,<br><br>vs.<br><br>SCOTT FRAKES, et al.,<br><br>                Defendants. | 8:20CV282<br><br>**MEMORANDUM<br>AND ORDER** |

      On July 2, 2021, the court directed the Clerk of Court to enter a default against Defendants Dr. Natalie Baker and Dr. Meredith Griffin for failure to plead or otherwise defend within 21 days after being served with the summons and complaint, as required by Fed. R. Civ. P. 12(a). (See Filing 39.)

      On July 22, 2021, Dr. Baker filed a Motion to Set Aside Default. (Filing 44.) Plaintiff has filed an opposing brief. (Filing 45.)

      A court may set aside the entry of default under Federal Rule of Civil Procedure 55(c) for "good cause." To determine whether good cause exists, this court considers the: (1) blameworthiness or culpability of the defaulting party; (2) existence of a meritorious defense; and (3) prejudice to the other party by setting aside default. *Johnson v. Leonard*, 929 F.3d 569, 573 (8th Cir. 2019). Setting aside default is often appropriate "for marginal failures when there [are] meritorious defenses and an absence of prejudice." *Id.*, at 573-74 (quoting *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998)). "Good cause" is a less stringent standard than "excusable neglect." *In re Jones Truck Lines, Inc.*, 63 F.3d 685, 687 (8th Cir. 1995).

      Dr. Baker explains that the default occurred because she wrongly assumed that the Attorney General's Office would automatically represent her. Once she was notified of the default, Dr. Baker quickly contacted the Attorney General's Office to request representation. Dr. Baker should not have ignored the summons, but this appears to have been an innocent mistake, and she claims to have a meritorious

1

defense. The motion to set aside default was filed promptly, and the court finds Plaintiff will not be prejudiced by a slight delay. Although this case was filed in July 2020, it has not gotten past the pleading stage and no progression order has been entered. Thus, upon consideration of all relevant factors, the court finds good cause for setting aside the default that was entered against Dr. Baker.

Also pending before the court is Plaintiff's motion for clerk's entry of default against Dr. Jason Ourada, which was filed on July 19, 2021 (Filing 42). The record shows that Dr. Ourada was served with summons by certified mail at an Omaha office address on June 15, 2021 (Filing 41), and that he has not filed an answer or otherwise responded to the complaint since then. Although more than 21 days has elapsed, the court will deny Plaintiff's motion without prejudice to refiling and, as a precautionary measure, will direct the Clerk of Court to issue a new summons for service upon the State of Nebraska regarding the individual-capacity claim against Dr. Ourada, The court will further direct that service by made upon the State of Nebraska regarding the individual-capacity claim against Dr. Griffin, because there may be a question concerning the effectiveness of the service that was made upon her by certified mail at a Lincoln office address, but not also at the Office of the Nebraska Attorney General.

When the court directed that summonses be issued for service on Defendants who are sued only in their individual capacities, it did not direct that summonses also be issued for service on the State of Nebraska. If Defendants were state employees, and unless service was made by one of the three means prescribed in Rule 4(e) rather than pursuant to Nebraska law,[1] then service should also have been made upon the State under a Nebraska law enacted in 2017, which provides:

> Any employee of the state, as defined in section 81-8,210, sued in an individual capacity for an act or omission occurring in connection with

---

[1] An individual may be served by: "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2). An individual may also be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

2

> duties performed on the state's behalf, regardless of whether the employee is also sued in an official capacity, must be served by serving the employee under section 25-508.01[2] and also by serving the state under section 25-510.02. [3]

Neb. Rev. Stat. Ann. § 25-511 (Westlaw 2021).

Because service was made by certified mail as permitted by Nebraska law, compliance with § 25-511 was required if Defendants were state employees. For purposes of this statute,

> Employee of the state means any one or more officers or employees of the state or any state agency and shall include duly appointed members of boards or commissions when they are acting in their official capacity. State employee does not include any employee of an entity created pursuant to the Interlocal Cooperation Act or the Joint Public Agency Act or any contractor with the State of Nebraska.

Neb. Rev. Stat. Ann. § 81-8,210 (Westlaw 2021).

Plaintiff does not specifically allege that Dr. Ourada and Dr. Griffin were state employees, but instead alleges that Dr. Ourada was a "psychiatrist for NDCS" and Dr. Griffin was a "psychologist for NDCS." [4] (Filing 14, ¶¶ 23, 20.) Nebraska law requires indemnification for § 1983 claims brought against contractors who provide medical services to state prisoners, and authorizes the Attorney General to defend against such claims, *see* Neb. Rev. Stat. § 81-8,239.08, but this statute does not mean that all prison medical providers are state employees. *Smith v. Clarke*, 458 F.3d 720, 725-26 (8th Cir. 2006) (holding that prison doctor was an independent contractor, so medical malpractice claim was not brought against an "employee of the state" under the State Tort Claims Act). "Nebraska courts look at the totality of the circumstances

---

[2] "An individual party, other than a person under the age of fourteen years, may be served by personal, residence, certified mail, or designated delivery service." Neb. Rev. Stat. § 25-508.01(1).

[3] "The State of Nebraska … and any employee of the state … sued in an official capacity may be served by leaving the summons at the office of the Attorney General … or by certified mail or designated delivery service addressed to the office of the Attorney General." Neb. Rev. Stat. § 25-510.02(1).

[4] Similarly, Plaintiff alleges that Dr. Baker was a "psychiatrist for NDCS." (Filing 14, ¶ 19.)

3

to decide whether one is an employee or an independent contractor." *Id*., at 726 (citing *Reeder v. State*, 649 N.W.2d 504, 512 (Neb. App. 2002) (listing 10 factors to consider)). Ordinarily, a person's status as an employee or an independent contractor is a question of fact. *Reeder*, 649 N.W.2d at 511.

Because it is unknown at this point whether Dr. Ourada was an employee of the Nebraska Department of Correctional Services, the court will not direct that a default be entered against him at this time. If Dr. Ourada does not plead or otherwise defend within 21 days after this second summons is served on the State of Nebraska, Plaintiff may again move for entry of entry of default.

Although Dr. Griffin has not moved to set aside the default that was entered against her on July 2, 2021, despite being given notice thereof (see Filing 39), the court will also direct that another summons be served on the State to ensure that the service of process is complete.

The court will not direct that a second summons be served on the State of Nebraska regarding the individual-capacity claim against Dr. Baker because the Attorney General has already entered an appearance on her behalf.

IT IS THEREFORE ORDERED:

1. Defendant Dr. Natalie Baker's motion to set aside default (Filing 44) is granted.
2. The default entered by the Clerk of Court on July 9, 2021, against Defendant Dr. Natalie Baker (Filing 40) is hereby set aside. However, the default entered by the Clerk of Court on July 9, 2021, against Defendant Dr. Meredith Griffin (also Filing 40) will remain in full force and effect.
3. Plaintiff's motion for clerk's entry of default against Dr. Jason Ourada (Filing 42) is denied without prejudice to reassertion.
4. For service of process on Defendant Dr. Jason Ourada in his individual capacity in accordance with Neb. Rev. Stat. § 25-511, the Clerk of Court is directed to issue a new summons form and USM-285 form for said Defendant using the address "Office of the Nebraska Attorney General, 2115 State Capitol, Lincoln, NE 68509," and forward the completed forms to the Marshals Service together with one copy each of the following documents: (1) Plaintiff's Second Amended Complaint (Filing 14); (2) the

4

court's April 28, 2021 Memorandum and Order (Filing 15); and (3) this Memorandum and Order. **The Marshals Service shall serve Defendant Dr. Jason Ourada in his individual capacity at the office of the Nebraska Attorney General, 2115 State Capitol, Lincoln, NE 68509.** *See* Federal Rule of Civil Procedure 4(e)(1); Neb. Rev. Stat. § 25-511; Neb. Rev. Stat. § 25-510.02.

5. For service of process on Defendant Dr. Meredith Griffin in her individual capacity in accordance with Neb. Rev. Stat. § 25-511, the Clerk of Court is directed to issue a new summons form and USM-285 form for said Defendant using the address "Office of the Nebraska Attorney General, 2115 State Capitol, Lincoln, NE 68509," and forward the completed forms to the Marshals Service together with one copy each of the following documents: (1) Plaintiff's Second Amended Complaint (Filing 14); (2) the court's April 28, 2021 Memorandum and Order (Filing 15); and (3) this Memorandum and Order. **The Marshals Service shall serve Defendant Dr. Meredith Griffin in her individual capacity at the office of the Nebraska Attorney General, 2115 State Capitol, Lincoln, NE 68509.** *See* Federal Rule of Civil Procedure 4(e)(1); Neb. Rev. Stat. § 25-511; Neb. Rev. Stat. § 25-510.02.

6. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

7. Plaintiff was previously granted an extension until July 27, 2021, to complete service of process. The court will further extend the deadline to complete service of process to September 27, 2021. The Clerk of Court shall set a pro se case management deadline accordingly.

Dated this 10th day of August 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge
