IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RAYSEAN BARBER,<br><br>               Plaintiff,<br><br>vs.<br><br>SCOTT FRAKES, et al.,<br><br>               Defendants. | **8:20CV282**<br><br>**MEMORANDUM<br>AND ORDER** |

      A summons form issued for service on Defendant Dr. Sean Sears was returned unexecuted on July 22, 2021. See Filing 43. Plaintiff has now provided a different address for service on Dr. Sears and requests that a new summons be issued and served. Plaintiff's request will be granted.

      IT IS THEREFORE ORDERED:

1. Plaintiff's motion for service on Dr. Sean Sears (Filing 49) is granted.

2. The Clerk of the Court is directed to complete a new summons form and a USM-285 form for service of process on Defendant Dr. Sean Sears, in his individual capacity, using this address:

   Dr. Sean Sears
   Lincoln Correctional Center
   3216 W. Van Dorn St.
   Lincoln, NE 68542

3. The Clerk shall then forward these completed forms, together with a copy of the Second Amended Complaint (Filing 14), the court's April 28, 2021 Memorandum and Order (Filing 15), and this Memorandum and Order, to the Marshals Service for service upon Dr. Sean Sears by certified mail or other authorized method. *See* Fed. R. Civ. P. 4(e); Neb. Rev. Stat. § 25-508.01(1).

1

4. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.[1]

Dated this 17th day of August 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

---

[1] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory). *See, e.g., Beyer v. Pulaski County Jail*, 589 Fed. Appx. 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the Jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).