IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RAYSEAN BARBER,<br><br>               Plaintiff,<br><br>vs.<br><br>SCOTT FRAKES, et al.,<br><br>               Defendants. | 8:20CV282<br><br><br>**MEMORANDUM<br>AND ORDER** |

      On July 2, 2021, the court directed the Clerk of Court to enter a default against Defendants Dr. Natalie Baker and Dr. Meredith Griffin for failure to plead or otherwise defend within 21 days after being served with the summons and complaint, as required by Fed. R. Civ. P. 12(a). (See Filing 39.) The default entered against Dr. Baker was set aside on August 17, 2021. (See Filing 52.) That same date, Dr. Griffin filed a motion to set aside her default (Filing 54). Plaintiff has filed an opposing brief (Filing 55).

      A court may set aside the entry of default under Federal Rule of Civil Procedure 55(c) for "good cause." To determine whether good cause exists, this court considers the: (1) blameworthiness or culpability of the defaulting party; (2) existence of a meritorious defense; and (3) prejudice to the other party by setting aside default. *Johnson v. Leonard*, 929 F.3d 569, 573 (8th Cir. 2019). Setting aside default is often appropriate "for marginal failures when there [are] meritorious defenses and an absence of prejudice." *Id.*, at 573-74 (quoting *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998)). "Good cause" is a less stringent standard than "excusable neglect." *In re Jones Truck Lines, Inc.*, 63 F.3d 685, 687 (8th Cir. 1995).

      Dr. Griffin explains that the default occurred because when she asked a former supervisor at the Nebraska Department of Correctional Services what she should do in response to the summons, she was led to believe that NDCS would handle the suit and there was nothing else she needed to do. In point of fact, she needed to request representation from the Nebraska Attorney General's Office. Dr. Griffin received

the notice of default, but claims not to have understood it. Dr. Griffin states she understood her status after being contacted by the Attorney General's Office, and promptly requested representation. Dr. Griffin claims to have meritorious defenses, comparable to those asserted by other Defendants. The court finds Plaintiff will not be prejudiced by a slight delay. Although this case was filed in July 2020, it has not gotten past the pleading stage and no progression order has been entered. Thus, upon consideration of all relevant factors, the court finds good cause for setting aside the default that was entered against Dr. Griffin.

IT IS THEREFORE ORDERED:

1. Defendant Dr. Meredith Griffin's motion to set aside default (Filing 54) is granted.
2. The default entered by the Clerk of Court on July 2, 2021, against Defendants Dr. Meredith Griffin and Dr. Natalie Baker (Filing 40) is hereby set aside in all respects.
3. Plaintiff's amended motion for default judgment (Filing 37) is denied in all respects.

Dated this 1st day of September 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge