IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RAYSEAN BARBER,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>SCOTT FRAKES, DR. BRANDON HOLLISTER, DR. JEFFREY KASSELMAN, DR. NATALIE BAKER, DR. MEREDITH GRIFFIN, DR. SEAN SEARS, and DR. JASON OURADA,<br><br>　　　　　Defendants. | 8:20CV282<br><br>**MEMORANDUM AND ORDER** |

　　　　On September 29, 2021, Plaintiff filed a motion for appointment of counsel (Filing 65). There is no constitutional or statutory right to appointed counsel in a civil case. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 Fed. App'x 3, 4 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)). This is not a particularly complex case. Plaintiff's pleading is coherent and shows he has a basic understanding of applicable law and procedure. Plaintiff has demonstrated an ability to investigate the facts.

　　　　Plaintiff contends he needs appointed counsel because while he has found a psychiatrist who can examine him in prison and provide expert testimony, the examination must be requested by an attorney or the court. Plaintiff has not indicated how he intends to compensate this expert. The statutory right to proceed in forma pauperis does not include the right to receive funds from the court to pay discovery

or other costs relating to a pro se litigant's case. 28 U.S.C. § 1915; *see Pedraza v. Jones*, 71 F.3d 194, 196 (5th Cir. 1995) (stating that the plain language of section 1915 does not provide for the appointment of experts to aid an indigent litigant); *Haymes v. Smith*, 73 F.R.D. 572, 574 (W.D.N.Y. 1976) ("The generally recognized rule is that a court may not authorize the commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action.") (citing *Tyler v. Lark*, 472 F.2d 1077 (8th Cir. 1973), other citations omitted).

As a prisoner, Plaintiff understandably faces challenges representing himself, but "most indigent prisoners will face similar challenges." *See Recca*, 859 Fed. App'x at 4, citing *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018)). Plaintiff's motion for appointment of counsel will be denied without prejudice to reassertion.

On October 14, 2021,[1] Plaintiff filed a motion for clerk's entry of default against Defendants Dr. Jason Ourada and Dr. Sean Sears (Filing 69), both of whom filed an answer on October 12, 2021. Their answers are, in all material respects, identical to the answers filed by other Defendants. Although the answers of these two Defendants were filed a few days late, the entry of a default pursuant to Rule 55(a) would be a useless act, requiring Defendants to file motions to set aside the default under Rule 55(c), which the court would grant as a matter of course.

IT IS THEREFORE ORDERED:

1. Plaintiff's motion for appointment of counsel (Filing 65) is denied without prejudice.

2. Plaintiff's motion for clerk's entry of default (Filing 69) is denied.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

---

[1] The motion is dated October 9, 2021, and the mailing envelope is postmarked October 12, 2021.