IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RAYSEAN BARBER,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>SCOTT FRAKES,<br>DR. BRANDON HOLLISTER,<br>DR. JEFFREY KASSELMAN,<br>DR. NATALIE BAKER,<br>DR. MEREDITH GRIFFIN,<br>DR. SEAN SEARS, and<br>DR. JASON OURADA,<br><br>　　　　　Defendants. | 8:20CV282<br><br><br>**MEMORANDUM<br>AND ORDER** |

　　　This matter is before the court on Plaintiff's motion for leave to file a third amended complaint (Filing 72), which was received and docketed on November 12, 2021. Plaintiff indicates the motion is opposed, but no brief in opposition has been filed by any Defendant.

　　　Among other changes, the proposed Third Amended Complaint (Filing 72-1) adds ten Defendants, all of whom would be sued only in their individual capacities: (1) Dr. Sean Thomas; (2) Dr. Cynthia Polage; (3) Dr . Jeff Melvin; (4) Dr. Agnes Stairs; (5) Dr . Yvonne Westover; (6) Dr. Sarah Hoff; (7) Dr. Douglas Morin; (8) Dr. Nick Guenzel; (9) Dr. Johnna Williams; and (10) Diane Sabatka-Rine. It is also proposed that Defendant Scott Frakes, who currently is sued only in his official capacity as Director of the Nebraska Department of Correctional Services, be sued both in his official and individual capacities.

　　　Upon the court's initial review of Plaintiff's Second Amended Complaint, which was conducted under authority of 28 U.S.C. §§ 1915(e)(2) and 1915A, individual-capacity claims alleged against Defendant Frakes and members of the Involuntary Medication Hearing Committee (IMHC), including Dr. Sean Thomas, Dr. Jeff Melvin, Dr. Cynthia Polage, Dr. Agnes Stairs, Dr. Yvonne Westover, Dr.

Sarah Hoff, and Dr. Douglas Morin, were dismissed without prejudice for failure to state a claim upon which relief may be granted. See Memorandum and Order entered on April 28, 2021 (Filing 15).

Since the case has proceeded to service of process, the court will not review the proposed Third Amended Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A, but will merely assess whether Plaintiff's motion should be granted under Rule 15(a)(2) of the Federal Rules of Civil Procedure. *See Ditter v. Nebraska Dep't of Corr. Servs.*, No. 4:16CV3159, 2017 WL 4564721, at *3 (D. Neb. Oct. 11, 2017). The rule provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).

> A district court can refuse to grant leave to amend a pleading only where it will result in "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L.Ed. 2d 222 (1962). However, delay alone is insufficient to deny a motion for leave to amend. *See Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 644 F.2d 690, 694 (8th Cir. 1981). Rather, the party opposing the motion must show it will be unfairly prejudiced. *See Mercantile Trust Co. v. Inland Marine Prods. Corp.*, 542 F.2d 1010, 1012 (8th Cir. 1976).

*Ditter*, 2017 WL 4564721, at *3 (quoting *Dennis v. Dillard Dep't Stores, Inc.*, 207 F.3d 523, 525 (8th Cir. 2000)).

The court concludes Plaintiff's motion should be granted. Defendants have not demonstrated they will be prejudiced by the filing of the proposed Third Amended Complaint. Although this case has been pending for quite some time, a progression order (Filing 71) was not entered until November 12, 2021. There is no evidence of undue delay, bad faith, or dilatory motive on Plaintiff's part. If the proposed Third Amended Complaint is filed, the sufficiency of the pleading can best be determined based upon any defenses or objections presented by Defendants in accordance with the Federal Rules.

To expedite matters and avoid incurring unnecessary expenses, the court will request the Nebraska Attorney General to obtain authority to appear on behalf of the

ten additional Defendants and Mr. Frakes in his individual capacity. The court will not direct the issuance of summonses for these new Defendants or Mr. Frakes unless the Attorney General fails to enter an appearance on their behalf within 45 days after the Third Amended Complaint is filed. That will also be the deadline for all current Defendants to answer or otherwise respond to the Third Amended Complaint.

Finally, the court will withdraw its progression order (Filing 71) and will stay all discovery until such time as a new progression schedule is established. Response times for any outstanding discovery requests are therefore suspended, and no new interrogatories, requests for admission, or requests for production shall be served until authorized by the court. Likewise, no depositions shall be taken until authorized by the court. The pretrial conference scheduled for June 21, 2022, is cancelled. If necessary, a new progression order will be entered approximately 30 days after the last Defendant has answered the Third Amended Complaint.

IT IS THEREFORE ORDERED:

1. Plaintiff's motion for leave to amend (Filing 72) is granted. Plaintiff shall file a signed copy of the proposed Third Amended Complaint (Filing 72-1) within 30 days from today's date.
2. Within 45 days after the signed Third Amended Complaint is received and docketed by the Clerk of the Court, the Nebraska Attorney General shall answer or otherwise respond to that pleading on behalf of all Defendants who have given the Attorney General authority to appear on their behalf.
3. The court's Order Setting Schedule for Progression of Case (Filing 71) is withdrawn, and all discovery is stayed until next ordered by the court. Response times for any outstanding discovery requests are suspended, and no new discovery requests shall be served or any depositions taken until authorized by the court.
4. The final pretrial conference scheduled for June 21, 2022, is cancelled. The conference will be rescheduled as necessary.

Dated this 6th day of December 2021.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge