IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RAYSEAN BARBER,<br><br>    Plaintiff,<br><br>vs.<br><br>SCOTT FRAKES,<br><br>    Defendants. | 8:20CV282<br><br>**MEMORANDUM<br>AND ORDER** |

  This matter is before the court on Plaintiff's motion for appointment of expert witness (Filing 81). Plaintiff requests the court to appoint Dr. Clause Hartman[1] as an expert to evaluate his mental status and to opine as to whether (1) Plaintiff met the diagnostic criteria for his diagnosed mental disorders, (2) Defendants conducted a clinical case formulation as required by DSM-5, (3) Defendants failed to adhere to clear clinical steps before making a diagnosis. Plaintiff's motion is made pursuant to Rule 706 of the Federal Rules of Evidence, which provides, in part: "On a party's motion or on its own, the court may order the parties to show cause why expert witnesses should not be appointed and may ask the parties to submit nominations." Fed. R. Evid. 706(a).

> Rule 706 of the Federal Rules of Evidence "authorizes the Court to appoint an expert witness to testify in an action and order reasonable compensation be paid to the witness by the parties, in such proportion as the Court directs." *Houston v. Corizon Health Care*, No. 4:20-cv-00291-JAR, 2021 WL 168747, at *1 (E.D. Mo. Jan. 19, 2021). Courts have wide discretion in determining whether a Rule 706 appointment is warranted. *Id.* Courts generally will not appoint an expert in the absence of compelling circumstances, since "[t]he appointment of experts under Rule 706 ... should be reserved for exceptional cases in which the ordinary adversary process does not suffice." *Malady v. Corizon*, No.

---

[1] Plaintiff presumably means Klaus Hartmann, M.D., who is a psychiatrist at the Lincoln Regional Center.

1:13-cv-80-SNLJ, 2013 WL 5835995, at *1 (E.D. Mo. Oct. 30, 2013); *see also Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016) ("Though [Rule 706] permits the district court to appoint a medical expert, courts rarely exercise this power."); *Toney v. Hakala*, 556 F. App'x 570, 571 (8th Cir. 2014) (emphasizing that courts should appoint an expert witness "only under compelling circumstances" (quoting *U.S. Marshals Serv. v. Means*, 741 F.2d 1053, 1059 (8th Cir. 1984) (en banc))). Finally, the purpose of Rule 706 is "'to aid the Court,' and not for the benefit of one of the parties." *Rueben v. United States*, No. 2:13-cv-33-DPM-JTK, 2014 WL 5460574, at *3 (E.D. Ark. Oct. 27, 2014) (citing *Hannah v. United States*, 523 F.3d 597, 600 (5th Cir. 2008)).

*Holt v. Qualified Trucking Servs., Inc.*, No. 4:19-CV-00102-MTS, 2021 WL 3525179, at *1 (E.D. Mo. Aug. 11, 2021). "The most important factor in favor of appointing an expert is that the case involves a complex or esoteric subject beyond the trier-of-fact's ability to adequately understand without expert assistance." Wright & Miller, 29 *Fed. Prac. & Proc. Evid.* § 6304 (2d ed.). Plaintiff has not shown this to be such a case. Indeed, it is not apparent at this stage of the proceedings that the issues identified by Plaintiff for expert testimony are even triable issues of fact. The motion is also premature because not all Defendants have been served or entered an appearance.

    IT IS THEREFORE ORDERED that Plaintiff's motion for appointment of expert witness (Filing 81) is denied.

    Dated this 31st day of January 2022.

                                      BY THE COURT:

                                      *Richard G. Kopf*
                                      Richard G. Kopf
                                      Senior United States District Judge