IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RAYSEAN BARBER,<br><br>             Plaintiff,<br><br>vs.<br><br>SCOTT FRAKES, et al.,<br><br>             Defendants. | 8:20CV282<br><br>**MEMORANDUM<br>AND ORDER** |

    This matter is before the court on Plaintiff's motion for leave to file a fourth amended complaint (Filing 112), which was received and docketed on May 12, 2021. Plaintiff is a prisoner who appears pro se. Plaintiff indicates the motion is opposed, but no brief in opposition has been filed by any Defendant.[1]

    Among other changes, the proposed Fourth Amended Complaint (Filing 112-1) includes facts related to an April 11, 2022 hearing on an application to continue Plaintiff's involuntary medication order, and adds a new defendant, Dr. Harbans Deol, who, in his capacity as the new medical director for the Nebraska Department of Correctional Services, is alleged to have signed the order.

    Since the case has proceeded to service of process, the court will not review the proposed Fourth Amended Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A, but will merely assess whether Plaintiff's motion should be granted under Rule 15(a)(2) of the Federal Rules of Civil Procedure. *See Ditter v. Nebraska Dep't of Corr. Servs.*, No. 4:16CV3159, 2017 WL 4564721, at *3 (D. Neb. Oct. 11, 2017). The rule provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).

---

    [1] A brief opposing a motion to amend must be filed and served within 14 days after the motion and supporting brief are filed and served. *See* NECivR 7.1(b)(1)(B).

> A district court can refuse to grant leave to amend a pleading only where it will result in "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L.Ed. 2d 222 (1962). However, delay alone is insufficient to deny a motion for leave to amend. *See Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 644 F.2d 690, 694 (8th Cir. 1981). Rather, the party opposing the motion must show it will be unfairly prejudiced. *See Mercantile Trust Co. v. Inland Marine Prods. Corp.*, 542 F.2d 1010, 1012 (8th Cir. 1976).

*Ditter*, 2017 WL 4564721, at *3 (quoting *Dennis v. Dillard Dep't Stores, Inc.*, 207 F.3d 523, 525 (8th Cir. 2000)).

The court concludes Plaintiff's motion should be granted. Defendants have not demonstrated they will be prejudiced by the filing of the proposed Fourth Amended Complaint. There is no evidence of undue delay, bad faith, or dilatory motive on Plaintiff's part. In addition to updating his pleading, Plaintiff presumably is attempting to address issues raised by Defendants in their pending motions to dismiss (Filings 89, 91, 93, 95). If the proposed Fourth Amended Complaint is filed, the sufficiency of the pleading can best be determined based upon any defenses or objections presented by Defendants in accordance with the Federal Rules.

To expedite matters and avoid incurring unnecessary expenses, the court will request the Nebraska Attorney General to obtain authority to appear on behalf of Dr. Harbans Deol in his individual capacity. The court will not direct the issuance of summons for Dr. Deol unless the Attorney General fails to enter an appearance on his behalf within 45 days after the Fourth Amended Complaint is filed. That will also be the deadline for all current Defendants to answer or otherwise respond to the Fourth Amended Complaint.

IT IS THEREFORE ORDERED:

1. Plaintiff's motion for leave to amend (Filing 112) is granted. Plaintiff shall file a signed copy of the proposed Fourth Amended Complaint (Filing 112-1) within 30 days from today's date.

2. Within 45 days after the signed Fourth Amended Complaint is received and docketed by the Clerk of the Court, the Nebraska Attorney General shall answer or otherwise respond to that pleading on behalf of all Defendants who have given the Attorney General authority to appear on their behalf.

3. When filed, the Fourth Amended Complaint will supersede all prior pleadings and will render moot all pending motions to dismiss filed by Defendants (Filings 89, 91, 93, and 95).

4. The Clerk of the Court is directed to set a pro se case management deadline of: "June 27, 2022: check for fourth amended complaint."

5. The court must be kept informed of Plaintiff's current address at all times while this case is pending. Plaintiff's failure to keep the court so informed may result in dismissal of the case without further notice.

Dated this 27th day of May, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge