IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RAYSEAN BARBER,<br><br>                Plaintiff,<br><br>vs.<br><br>SCOTT FRAKES, et al.,<br><br>                Defendants. | 8:20CV282<br><br>**MEMORANDUM<br>AND ORDER** |

     This matter is before the court on Plaintiff's motion for leave to file a fifth amended complaint (Filing 117), which was received and docketed on July 5, 2021. Plaintiff is a prisoner who appears pro se. Plaintiff indicates the motion is opposed, but no brief in opposition has been filed by any Defendant.[1] Plaintiff states the purpose of the proposed amendment is to "correct the error of paragraph 41 by adding Defendants, Dr. Yvonne Westover, Dr. Agnes Stairs, and Dr. Douglas Morin to the factual allegations purtaining [*sic*] to their conduct with respect to being a part of the IMHC in the April 28, 2021 IMO hearing, and ordering the continuation of the IMO against Plaintiff's rights."

     Since the case has proceeded to service of process, the court will not review the proposed Fifth Amended Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A, but will merely assess whether Plaintiff's motion should be granted under Rule 15(a)(2) of the Federal Rules of Civil Procedure. *See Ditter v. Nebraska Dep't of Corr. Servs.*, No. 4:16CV3159, 2017 WL 4564721, at *3 (D. Neb. Oct. 11, 2017). The rule provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).

     A district court can refuse to grant leave to amend a pleading only where it will result in "undue delay, bad faith or dilatory motive

---

[1] A brief opposing a motion to amend must be filed and served within 14 days after the motion and supporting brief are filed and served. *See* NECivR 7.1(b)(1)(B).

on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L.Ed. 2d 222 (1962). However, delay alone is insufficient to deny a motion for leave to amend. *See Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 644 F.2d 690, 694 (8th Cir. 1981). Rather, the party opposing the motion must show it will be unfairly prejudiced. *See Mercantile Trust Co. v. Inland Marine Prods. Corp.*, 542 F.2d 1010, 1012 (8th Cir. 1976).

*Ditter*, 2017 WL 4564721, at *3 (quoting *Dennis v. Dillard Dep't Stores, Inc.*, 207 F.3d 523, 525 (8th Cir. 2000)).

The court concludes Plaintiff's motion should be granted. Defendants have not demonstrated they will be prejudiced by the filing of the proposed Fourth Amended Complaint. There is no evidence of undue delay, bad faith, or dilatory motive on Plaintiff's part. If the proposed Fifth Amended Complaint is filed, the sufficiency of the pleading can best be determined based upon any defenses or objections presented by Defendants in accordance with the Federal Rules.

To expedite matters and avoid incurring unnecessary expenses, the court will again request the Nebraska Attorney General to obtain authority to appear on behalf of Dr. Harbans Deol in his individual capacity. The court will not direct the issuance of summons for Dr. Deol unless the Attorney General fails to enter an appearance on his behalf within 21 days after the Fifth Amended Complaint is filed. That will also be the deadline for all current Defendants to answer or otherwise respond to the Fifth Amended Complaint.

IT IS THEREFORE ORDERED:

1. Plaintiff's motion for leave to amend (Filing 117) is granted. Plaintiff shall file a signed copy of the proposed Fifth Amended Complaint (Filing 117-1) within 30 days from today's date.

2. Within 21 days after the signed Fifth Amended Complaint is received and docketed by the Clerk of the Court, the Nebraska Attorney General shall

answer or otherwise respond to that pleading on behalf of all Defendants who have given the Attorney General authority to appear on their behalf.

3. When filed, the Fifth Amended Complaint will supersede all prior pleadings.

4. The Clerk of the Court is directed to set a pro se case management deadline of: "August 19, 2022: check for fifth amended complaint."

5. The court must be kept informed of Plaintiff's current address at all times while this case is pending. Plaintiff's failure to keep the court so informed may result in dismissal of the case without further notice.

Dated this 20th day of July 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge