IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RAYSEAN BARBER,<br><br>Plaintiff,<br><br>vs.<br><br>SCOTT FRAKES, DR. BRANDON HOLLISTER, DR. JEFFREY KASSELMAN, DR. NATALIE BAKER, DR. MEREDITH GRIFFIN, DR. SEAN SEARS, DR. JASON OURADA, DR. NICK GUENZEL, DR. JOHNNA WILLIAMS, DIANE SABATKA-RINE, and DR. HARBANS DEOL,<br><br>Defendants. | 8:20CV282<br><br><br>**MEMORANDUM AND ORDER** |

This action commenced in July 2020 and terminated on September 12, 2022, when the court granted Defendants' motion to dismiss Plaintiff's Fifth Amended Complaint and entered judgment. See Filings 125, 126. On September 13, 2022, the clerk of the court received in the mail from Plaintiff, and docketed, an undated certificate of service indicating that Plaintiff had sent Defendants a copy of a motion to amend and a proposed Sixth Amended Complaint "for the purposes of [giving] the defendants notice and opportunity to oppose the motion to amend." Filing 127. There was no motion to amend attached to the certificate of service or on file at that time. Ten days later, though, on September 23, 2022, the clerk of the court received in the mail from Plaintiff, and docketed, a motion to amend, together with a proposed Sixth Amended Complaint. Filing 128. There is a certificate of service indicating this filing was mailed to the clerk on September 21, 2022. *Ibid.* at 2. Even giving Plaintiff the benefit of the prisoner mailbox rule,[1] the motion was not filed until nine

---

[1] "Under the prison mailbox rule, a pro se pleading is deemed filed upon deposit in the prison mail system prior to the expiration of the filing deadline." *United States v. Harrison*, 469 F.3d 1216, 1217 (8th Cir. 2006).

days after the judgment of dismissal was entered. A few days later, an "amended" motion to amend was filed, along with another proposed Sixth Amended Complaint. Filing 130. For the reasons discussed below, the court finds that Plaintiff's post-judgment motions to amend should be denied.

### I. Applicable Legal Standards

The United States Court of Appeals for the Eighth Circuit has repeatedly explained that "[a] motion for leave to amend after dismissal is subject to different considerations than a motion prior to dismissal." *In re SuperValu, Inc.*, 925 F.3d 955, 961 (8th Cir. 2019) (quoting *Mountain Home Flight Serv., Inc. v. Baxter Cty.*, 758 F.3d 1038, 1045 (8th Cir. 2014)).

> Leave to amend should be granted liberally under Rule 15 prior to dismissal. After judgment has been entered, district courts may not ignore the considerations of Rule 15, but leave to amend a pleading will be granted only "if it is consistent with the stringent standards governing the grant of Rule 59(e) and Rule 60(b) relief." *United States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 743 (8th Cir. 2014). Even if a dismissal is without prejudice, if the court intended the decision to be a final, appealable order, it constitutes dismissal of the entire action, and the more stringent postjudgment standards apply. *Mountain Home*, 758 F.3d at 1045-46.

*Id.*; *see Kellum v. Nebraska Humane Soc'y*, No. 8:21CV36, 2022 WL 3371254, at *1 (D. Neb. Aug. 16, 2022).

> [I]t is well-settled that plaintiffs "remain free where dismissal orders do not grant leave to amend to seek vacation of the judgment under Rules 59 and 60[b] and offer an amended complaint in place of the dismissed complaint." *Quartana* [*v. Utterback*, 789 F.2d 1297, 1300 (8th Cir. 1986)]. But it is also well-settled that "district courts in this circuit have considerable discretion to deny a [timely] post judgment motion for leave to amend because such motions are disfavored, but may not ignore the Rule 15(a)(2) considerations that favor affording parties an opportunity to test their claims on the merits." *United States ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 823-24 (8th Cir. 2009). Leave to amend will be granted if it is consistent with the stringent standards governing the grant of Rule 59(e) and Rule 60(b) relief. *See*

*Dorn v. State Bank of Stella,* 767 F.2d 442, 443-44 (8th Cir. 1985); *Acevedo-Villalobos v. Hernandez,* 22 F.3d 384, 389 (1st Cir.), *cert. denied,* 513 U.S. 1015, 115 S.Ct. 574, 130 L.Ed.2d 490 (1994).

*United States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 742-43 (8th Cir. 2014); *see Muhammad v. Frakes*, No. 4:21CV3096, 2021 WL 4844543, at *1 (D. Neb. Oct. 18, 2021), *aff'd,* No. 21-3679, 2021 WL 8445909 (8th Cir. Dec. 13, 2021).

> Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. *Id.*
>
> Under Rule 60(b), a court may grant a party relief from a judgment for the following reasons:
>
>> (1) mistake, inadvertence, surprise, or excusable neglect;
>>
>> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>>
>> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>>
>> (4) the judgment is void;
>>
>> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>>
>> (6) any other reason that justifies relief.
>
> Fed. R. Civ. P. 60(b). Relief under the catchall provision, Rule 60(b)(6), is available only in "extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 77778 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524 (2005)).

*Pullens v. Schatz*, No. 4:21CV3189, 2022 WL 485008, at *1 (D. Neb. Feb. 16, 2022).

> "A district court may appropriately deny leave to amend 'where there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment,' even when doing so will necessarily prevent resolution on the merits." *Ash v. Anderson Merchandisers, LLC*, 799 F.3d 957, 963 (8th Cir. 2015) (quoting *Horras v. Am. Capital Strategies, Ltd.*, 729 F.3d 798, 804 (8th Cir. 2013)). "Unexcused delay is sufficient to justify the court's denial" of a plaintiff's post-dismissal motion for leave to amend, "particularly when the plaintiff was put on notice of the need to change the pleadings before the complaint was dismissed, but failed to do so." *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005).
>
> That a plaintiff might benefit "from a favorable exercise of the court's discretion does not mean" he is "*entitled* to that exercise of discretion." *Ash*, 799 F.3d at 963. A district court does not abuse its "substantial postjudgment discretion" by denying leave to amend where a plaintiff receives notice of the possible deficiencies in his complaint yet makes a tactical decision "to stand on and defend its original complaint" until after the case is dismissed. *United States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 742, 744 (8th Cir. 2014); *accord Ash*, 799 F.3d at 963-64 (affirming the denial of a post-judgment motion to amend where the motion to dismiss put the plaintiffs on notice that their allegations were deficient long before the case was dismissed, yet the plaintiffs did not request leave to amend until after the district court found their complaint deficient and dismissed the case).

*Sevela v. Portfolio Recovery Assocs., LLC*, No. 8:18CV526, 2019 WL 2173738, at *2 (D. Neb. May 20, 2019).

## II. Background and Procedural History

Plaintiff, RaySean Barber, is an inmate in the custody of the Nebraska Department of Correctional Services ("NDCS"). He has been receiving Haldol injections pursuant to an involuntary medication order ("IMO") that was issued by NDCS's Involuntary Medication Hearing Committee ("IMHC") in November 2019 and renewed by that body approximately every six months thereafter. In his most recent pleading, Plaintiff sued the top two correctional officials for NDCS in their

4

individual and official capacities[2] and sixteen medical professionals (including the medical director of NDCS) in their individual capacities. See Plaintiff's Fifth Amended Complaint (Filing 119) at 4-7. Plaintiff alleged that Defendants violated his substantive due process rights (and, in the case of the medical director, his procedural due process rights) and were negligent or committed malpractice. *Ibid.* at 12-14, ¶¶ 50-55; Memorandum and Order entered September 12, 2022 (Filing 125) at 2.

Plaintiff's original Complaint, filed on July 16, 2020, was brought under 42 U.S.C. §§ 1983 and 1985 for equal protection, due process, Eighth Amendment, and First Amendment violations. Filing 1. There were only six named Defendants. Upon conducting its initial review of the Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915(A), the court determined that the Complaint failed to state a claim upon which relief could be granted; however, the court on its own motion gave Plaintiff leave to amend. *See* Filing 10 at 25-26.

Plaintiff's Amended Complaint was filed on October 29, 2020. Filing 11. On January 13, 2021, before the court was able to conduct an initial review of the Amended Complaint, Plaintiff filed a motion to amend "a second time to add defendants and facts establishing that his rights were violated." Filing 12. The motion was granted, and Plaintiff's Second Amended Complaint was filed on February 22, 2021. Filing 14. It named fourteen Defendants.

The court determined on initial review that the Second Amended Complaint could proceed to service of process on substantive due process claims against the NDCS Director in his official capacity and six other Defendants in their individual capacities,[3] but that all other claims would be dismissed without prejudice. See Filing 15. Those seven Defendants eventually were served and filed answers to the

---

[2] Although Defendant Sabatka-Rine was only sued in her individual capacity, *see* Filing 119 at 2, she has since taken Defendant Frakes' position as Interim Director of NDCS after his retirement on October 7, 2022. Thus, Plaintiff's official capacity claim against Director Frakes would now be against Defendant Sabatka-Rine. *See* Fed. R. Civ. P. 25(d).

[3] The court cautioned Plaintiff, however, that this was "only a preliminary determination" and was " not a determination on the merits of his claim or any potential defenses to it." Filing 15 at 20.

Second Amended Complaint. See Filings 34, 35, 36, 56, 64, 67, 68. On November 12, 2021, one month after the last answer was filed, the court entered a case progression order and authorized discovery. See Filing 71.

Plaintiff then filed a motion for leave to file a third amended complaint which, among other things, would add ten Defendants (including seven previously dismissed Defendants) and revive the individual-capacity claim against the NDCS Director.[4] The court granted the motion, stayed the case progression order, and, in order to expedite matters and to avoid incurring unnecessary expenses, requested the Nebraska Attorney General to obtain authority to appear on behalf of all Defendants after the third amended complaint was filed. See Filing 75. The court did not determine whether the proposed pleading stated actionable claims, but noted: "If the proposed Third Amended Complaint is filed, the sufficiency of the pleading can best be determined based upon any defenses or objections presented by Defendants in accordance with the Federal Rules." *Ibid.* at 2.

Plaintiff's Third Amended Complaint was filed on December 10, 2021. Filing 77. Defendants moved to dismiss the Third Amended Complaint for various reasons on March 14, 2022. See Filings 88-96. Plaintiff filed an opposing brief on March 24, 2022, and Defendants replied on April 25, 2022. Filings 100, 110.

Shortly thereafter, on May 12, 2022, Plaintiff filed a motion for leave to amend to add the NDCS medical director as an additional Defendant and to include additional facts. Filing 112. The court, which had not yet ruled on Defendants' motion to dismiss, granted Plaintiff's motion to amend, stating:

> The court concludes Plaintiff's motion should be granted. Defendants have not demonstrated they will be prejudiced by the filing of the proposed Fourth Amended Complaint. There is no evidence of undue delay, bad faith, or dilatory motive on Plaintiff's part. In addition to

---

[4] Plaintiff had filed a separate action against the seven previously dismissed Defendants and Director Frakes in his official capacity on July 28, 2021. See Case No. 8:21CV285. The court dismissed that action without prejudice on October 12, 2021, after determining on initial review that it was duplicative of the present action. Plaintiff was instructed that he would need to file a motion for leave to amend in this case, along with a proposed pleading and a supporting brief if he wished to revive the dismissed claims.

6

updating his pleading, Plaintiff presumably is attempting to address issues raised by Defendants in their pending motions to dismiss (Filings 89, 91, 93, 95). If the proposed Fourth Amended Complaint is filed, the sufficiency of the pleading can best be determined based upon any defenses or objections presented by Defendants in accordance with the Federal Rules.

Filing 114 at 2.

Plaintiff's Fourth Amended Complaint was filed on June 27, 2022. Filing 116. On July 5, 2022, Plaintiff filed another motion for leave to amend, indicating that he wished to correct a misstatement of fact in one paragraph of his pleading. The court granted the motion to amend, again stating that "the sufficiency of the pleading can best be determined based upon any defenses or objections presented by Defendants in accordance with the Federal Rules." Filing 118 at 2.

Plaintiff's Fifth Amended Complaint was filed on July 27, 2022. Filing 119. It included damage claims against eighteen Defendants for alleged substantive due process violations and an alleged procedural due process violation by the medical director, as well as a claim for declaratory and injunctive relief against the NDCS Director in his official capacity. In addition to these constitutional claims, Plaintiff alleged state-law claims for negligence and medical malpractice.

Defendants filed a motion to dismiss the Fifth Amended Complaint on August 17, 2022. Filing 120. Plaintiff filed an opposing brief on August 29, 2022. Filing 123. On September 6, 2022, Defendants replied and the motion was ripe for decision.

As previously stated, the court granted Defendants' motion to dismiss and entered judgment on September 12, 2022. Plaintiff's § 1983 claims were dismissed with prejudice, and his state-law claims were dismissed without prejudice.

### III. Discussion

Plaintiff does not claim that the court's September 12, 2022 Memorandum and Order or Judgment contained any manifest errors of law or fact. He merely contends that the proposed Sixth Amended Complaint "states a claim upon which relief could be granted, thus curing the deficiencies of the prior amendment." Filing

131 at 4. Even if this contention were true, it does not constitute grounds for granting relief under Rule 59(e) or Rule 60(b).

Both rules permit a judgment to be set aside for "newly discovered evidence." Plaintiff argues that he should be able to add his hearing representatives as Defendants because he "was made to believe by the representatives themselves that their only job is to provide him with notice of the upcoming IMO proceeding and sit in at the hearing," Filing 136 at 12, but this is not "newly discovered evidence" regarding the claims previously alleged. "A motion … based on Rule 59(e) or Rule 60(b) is not the proper vehicle for asserting a new claim for the first time." *Dean v. City of Bay City*, 239 F. App'x 107, 111 (6th Cir. 2007). Indeed, Plaintiff's discovery that he might have a claim against his hearing representatives for allegedly "failing to make any objections regarding the deficiencies of the IMO applications during the hearings," Filing 130-1, ¶ 63, is not even based on previously unknown *evidence*.

Excusable neglect, as ground for relief from judgment under Rule 60(b)(1), "means good faith and some reasonable basis for noncompliance with the rules." *United States v. Puig*, 419 F.3d 700 (8th Cir. 2005) (quoting *Ivy v. Kimbrough*, 115 F.3d 550, 552 (8th Cir. 1997)). It necessarily has two components: (1) neglect or noncompliance and (2) that is excusable. *In re Guidant Corp. Implantable Defibrillators Prod. Liab. Litig.*, 496 F.3d 863, 866 (8th Cir. 2007) (citing *Noah v. Bond Cold Storage*, 408 F.3d 1043, 1045 (8th Cir. 2005)). "The term 'excusable neglect' in this context is generally understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Noah*, 408 F.3d at 1045 (internal quotation and citations omitted). "To be excusable, however, the neglect must be accompanied by a showing of good faith and some reasonable basis for not complying with the rules." *Id.* "Neither a mistake of law nor the failure to follow the clear dictates of a court rule constitutes excusable neglect." *Id.*

Here, Plaintiff did not neglect to respond in a timely manner to Defendants' motion to dismiss, nor was judgment entered as a result of any noncompliance with applicable rules of procedure or court orders. Plaintiff made a conscious decision to stand on his pleadings rather than seeking leave to amend once the motion to dismiss was filed. "Rule 60(b)(1) 'does not permit litigants and their counsel to evade the consequences of their legal positions and litigation strategies, even though these might prove unsuccessful, ill-advised, or even flatly erroneous." *U.S. Commodity*

8

*Futures Trading Comm'n v. Kratville*, 796 F.3d 873, 896 (8th Cir. 2015) (quoting *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.,* 298 F.3d 586, 595 (6th Cir. 2002)).

Plaintiff states he "concluded after having received [Defendants' reply brief] that it was possible that he had not put enough in his [Fifth Amended] Complaint to show everything necessary to show that he [*sic*] due process was violated," and that he "sent a certificate of service showing he was seeking to amend his Fifth Amended Complaint to the Clerk only four days after Defendant's reply brief in support of their motions to dismiss was filed." Filing 136 at 2-3. That certificate of service, which Plaintiff elsewhere states was mailed on September 12, 2022, six days after Defendants' reply brief was filed, see *ibid*. at 3, recites that "a true and correct copy of my motion to amend along with a copy of my proposed Sixth Amended Complaint was sent via first class mail" to defense counsel. Filing 127. However, Plaintiff did not mail his motion to amend and proposed Sixth Amended Complaint to the court for filing until at least September 21, 2022, nine days after judgment was entered. Plaintiff offers no excuse for not mailing the motion and proposed pleading to the court for filing at the same time he mailed copies to defense counsel.

Plaintiff only states that he "did not expect the Court to file an order regarding [his] motion to amend only six days after Defendants' reply brief was filed." Filing 136 at 4. Plaintiff obviously means to say that he did not expect the court to rule on *Defendants' motion to dismiss* only six days after their reply brief was filed, which only reinforces the fact that he made no attempt to file his motion to amend prior to the court's ruling on the motion to dismiss. Plaintiff's expectation that he had more time to file another motion to amend was a unilateral mistake on his part, and he was charged with the knowledge that "a motion is submitted on the briefs and any evidence filed when the time limit specified in Nebraska Civil Rule 7.1(c) expires," which in this case was on September 6, 2022. Even though Plaintiff is proceeding pro se, he "is bound by and must comply with all local and federal procedural rules." NEGenR 1.3(g); *see Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives."); *Schooley v. Kennedy*, 712 F.2d 372, 373 (8th Cir. 1983) ("Although pro se pleadings are to be construed liberally, pro se litigants are not excused from compliance with relevant rules of the procedural and substantive law.").

That Plaintiff may have intended to file another motion to amend before the court ruled on Defendants' motion to dismiss is immaterial. By filing a brief in opposition to Defendants' motion to dismiss, Plaintiff unmistakably signaled that he was standing on his claims as pleaded in the Fifth Amended Complaint. *See* Filing 123 at 4-11 (where Plaintiff argues at length that he had sufficiently stated claims for relief under 42 U.S.C. § 1983 and under Nebraska law). Plaintiff's opposing brief did not even include a conditional request for leave to amend if Defendants' motion were to be granted by the court.[5]

Contrary to Plaintiff's argument, *see* Filing 136 at 4, his failure to request leave to amend prior to dismissal is not a mere "technicality." By failing to act in a timely manner, Plaintiff "forfeited the ability to amend his pleadings." *Rydholm v. Equifax Info. Servs. LLC*, 44 F.4th 1105, 1109 (8th Cir. 2022); *see Mask of Ka-Nefer-Nefer*, 752 F.3d at 742) ("[A] district court in granting a motion to dismiss is not obliged to invite a motion for leave to amend if plaintiff did not file one."); *Mitchell v. Kirchmeier*, 28 F.4th 888, 903 (8th Cir. 2022) (holding district court did not abuse its discretion in dismissing complaint with prejudice without giving plaintiff an opportunity to amend); *see also Soueidan v. St. Louis Univ.*, 926 F.3d 1029, 1036-37 (8th Cir. 2019) (district court did not abuse its discretion in denying plaintiff leave to amend where his brief included request for leave to amend if defendants' motion to dismiss was granted, but plaintiff "did not submit a proposed amendment to the trial court, nor [include] anything in [his] brief to indicate what an amended

---

[5] Plaintiff cites *Drobnak v. Andersen Corp.*, 561 F.3d 778 (8th Cir. 2009) for the proposition that a plaintiffs' failure to move to amend "is not necessarily fatal as long as they show a willingness to amend the complaint." *Id.* at 787 (quoting *Wisdom v. First Midwest Bank, of Poplar Bluff*, 167 F.3d 402, 409 (8th Cir. 1999)). In *Drobnak*, however, the Eighth Circuit found no abuse of discretion in the district court's post-judgment denial of leave to amend where the plaintiff had made an informal request prior to dismissal but had not presented a proposed amended pleading as required by a local rule. *See id.* at 788 (also observing that "[w]e have previously affirmed orders denying a plaintiff's conditional request for leave to amend in cases in which the substance of the proposed amendment was unclear and the local rules were not followed.") Not only is *Drobnak* distinguishable on its facts, but the Eighth Circuit's holding is not favorable to Plaintiff.

complaint would have contained.") (quoting *Wolgin v. Simon*, 722 F.2d 389, 394 (8th Cir. 1983)).

"Numerous cases have ruled that '[u]nexcused delay is sufficient to justify the court's denial if the party is seeking to amend the pleadings after the district court has dismissed the claims it seeks to amend, particularly when the plaintiff was put on notice of the need to change the pleadings before the complaint was dismissed, but failed to do so.'" *Mask of Ka-Nefer-Nefer*, 752 F.3d at 743-44 (quoting *Horras*, 729 F.3d at 804; *see also Christiansen v. W. Branch Cmty. Sch. Dist.*, 674 F.3d 927, 938 (8th Cir. 2022) (recognizing a plaintiff is "given notice and an opportunity to amend" the complaint "before a motion to dismiss under Rule 12(b)(6) is decided"); *Uradnik v. Inter Fac. Org.*, 2 F.4th 722, 727 (8th Cir. 2021) ("Unexcused delay is sufficient to justify the denial of leave to amend.") (cleaned up).

Plaintiff does not claim there was any misconduct by Defendants which would permit the case to be reopened under subsection (3) of Rule 60(b). Subsections (4) and (5) are clearly inapplicable. This leaves only subsection (6) as a possibility for reopening the case, but "[t]o justify relief under subsection (6), a party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay." *Pioneer*, 507 U.S. at 393. As already discussed, Plaintiff is solely responsible for the delayed filing of a motion to amend.

Without any showing of manifest error in the court's dismissal of this action, of newly discovered evidence, of excusable neglect, or of exceptional circumstances that would justify granting relief under Rule 59(e) or 60(b), Plaintiff's motions must be denied. Alternatively, even if Plaintiff could satisfy the stringent standards of Rule 59(e) or Rule 60(b) in an attempt to correct the pleading deficiencies noted by the court in its September 12, 2022 Memorandum and Order, or to allege new claims against additional Defendants, his motions to amend should be denied because the proposed amendments are futile and would not save Plaintiff's claims.[6]

---

[6] "A futility-based leave denial "means the district court has reached the legal conclusion that [Plaintiff's] amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Ascente Bus. Consulting, LLC v. DR myCommerce*, 9 F.4th 839, 844 (8th Cir. 2021) (quoting *Munro v. Lucy Activewear, Inc.*, 899 F.3d 585, 589 (8th Cir. 2018)).

11

With respect to the medical professionals who applied to initiate or continue an involuntary medication order ("IMO"), Plaintiff states that he has cured his last complaint's deficiencies by alleging they "all pretended that he was mentally ill in order to place him on an IMO." Filing 131 at 5. Specifically, he states:

> (1) the applicant-defendants did not conduct a psychiatric interview prior to diagnosing him as required by the Comprehensive Textbook of Psychiatry ("CTP"); (2) that to the extent that they did, they found that Plaintiff did not show typical signs or symptoms of a mental disorder, yet they applied to continue the IMO; (3) that Plaintiff did not meet the diagnostic criteria for the mental disorders as is required by and specified in the Diagnostic and Statistical Manual of Mental disorders, Volume 5; and (4) that Plaintiff did not even meet the definition of risk of serious harm or gravely disabled as defined in the involuntary medication procedures.

*Id*. These factual allegations, like those in Plaintiff's Fifth Amended Complaint, do not show Defendants were deliberately indifferent to Plaintiff's rights. At most, the allegations suggest Defendants were negligent or committed medical malpractice in misdiagnosing his mental condition and concluding he was dangerous. See Memorandum and Order, Filing 125 at 12-13. The court previously ruled that it did not have jurisdiction over state-law claims brought against state employees, and that it would decline to exercise supplemental jurisdiction over any other state-law claims. See *ibid*., at 16-18,

With respect to the medical professionals who sat on NDCS's Involuntary Medication Hearing Committee and approved to initiate or continue the IMOs, Plaintiff proposes to allege simply that they approved the applications "despite those facts" stated above. Filing 130-1 at 7, 8, 9, 10, 11, ¶¶ 38, 44, 49, 55. This conclusory allegation does nothing to cure the deficiency of his Fifth Amended Complaint. See Filing 125 at 15.

Next, Plaintiff claims to have cured the deficiencies related to Defendants Frakes and Sabatka-Rine by stating that they upheld "the IMO based on the medical determination of the IMHC, finding that there was sufficient evidence to grant the IMO … despite clear evidence to the contrary." *Id*., at 7, 8, 10, 11, 12, ¶¶ 40, 46, 51, 57. He adds that NDCS's medical director ordered the continuation of one IMO "as though he was a part of the IMHC in that proceeding although he was not. The IMP

12

requires that only the IMHC approves the IMO applications." *Id*. at 12, ¶ 58. None of these allegations are new or would warrant a change in the court's analysis from its September 12, 2022 Memorandum and Order. See Filing 125 at 15-16.

Finally, Plaintiff's proposed Sixth Amended Complaint seeks to add five new defendants who acted as his representatives during the Involuntary Medication Order proceedings. Filing 131 at 7. Plaintiff claims these new Defendants "sat by silently despite his [or her] understanding of the issues presented in this proceeding and despite the evidence clearly showing that [Plaintiff] was not mentally ill, dangerous, and gravely disabled." Filing 130-1 at 7, 8, 10, 11, ¶¶ 39, 45, 50, 56. Again, these allegations are conclusory statements that fail to allege any facts to support a cognizable due process violation.

### IV. Conclusion

Even considering Rule 15's admonition that "[t]he court should freely give leave when justice so requires," the court finds that Plaintiff has failed to show sufficient cause for reopening this case under Rules 59(e) and 60(b). The court further finds that allowing amendment would be futile because the proposed Sixth Amended Complaint fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 against any existing or proposed Defendant.

IT IS THEREFORE ORDERED that Plaintiff's post-judgment motions for leave to amend (Filings 128, 130) are denied.

Dated this 14th day of December, 2022.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge