IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RAYSEAN BARBER,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>SCOTT FRAKES, DR. BRANDON HOLLISTER, DR. JEFFREY KASSELMAN, DR. NATALIE BAKER, DR. MEREDITH GRIFFIN, DR. SEAN SEARS, DR. JASON OURADA, DR. NICK GUENZEL, DR. JOHNNA WILLIAMS, DIANE SABATKA-RINE, and DR. HARBANS DEOL,<br><br>　　　　　　　Defendants. | 8:20CV282<br><br>MEMORANDUM AND ORDER |

This matter is before the court on Plaintiff Raysean Barber's Motion to Alter or Amend Judgment, Filing No. 138, brought pursuant to Federal Rule of Civil Procedure 59(e), and his Motion for Status Hearing, Filing No. 149. For the reasons that follow, Plaintiff's Motion to Alter or Amend Judgment will be denied and his Motion for Status Hearing will be denied as moot.

## I. BACKGROUND AND PROCEDURAL HISTORY[1]

At all relevant times, Plaintiff was an inmate in the custody of the Nebraska Department of Correctional Services ("NDCS").[2] He received Haldol injections pursuant to an involuntary medication order ("IMO") that was issued by NDCS's Involuntary Medication Hearing Committee ("IMHC") in November 2019 and renewed by that body approximately every six months thereafter. In his operative pleading, which is his Fifth

---

[1] Much of the Background and Procedural History is taken from the December 14, 2022, Memorandum and Order entered by Judge Richard G. Kopf, now retired, denying Plaintiff's post-judgment motions to amend his Fifth Amended Complaint. See Filing No. 137 at 4–7.

[2] Plaintiff was released from NDCS custody on February 24, 2023. Filing No. 146.

Amended Complaint, Filing No. 119, Plaintiff sued the top two correctional officials for NDCS in their individual and official capacities and sixteen medical professionals (including the medical director of NDCS) in their individual capacities. See *Id*. at 4–7. Plaintiff alleged that Defendants violated his substantive due process rights (and, in the case of the medical director, his procedural due process rights) and were negligent or committed malpractice. *Id*. at 12–14, ¶¶ 50-55; *see also* Filing No. 125 at 2.

Plaintiff's original Complaint, filed on July 16, 2020, was brought under 42 U.S.C. §§ 1983 and 1985 for equal protection, due process, Eighth Amendment, and First Amendment violations. Filing No. 1. There were only six named Defendants. Upon conducting its initial review of the Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915(A), the Court determined that the Complaint failed to state a claim upon which relief could be granted; however, the Court on its own motion gave Plaintiff leave to amend. Filing No. 10 at 25–26.

Plaintiff's Amended Complaint was filed on October 29, 2020. Filing No. 11. On January 13, 2021, before the Court was able to conduct an initial review of the Amended Complaint, Plaintiff filed a motion to amend "a second time to add defendants and facts establishing that his rights were violated." Filing No. 12. The motion was granted, and Plaintiff's Second Amended Complaint was filed on February 22, 2021. Filing No. 14. It named fourteen Defendants.

The Court determined on initial review that the Second Amended Complaint could proceed to service of process on substantive due process claims against the NDCS Director in his official capacity and six other Defendants in their individual capacities, but that all other claims would be dismissed without prejudice. Filing No. 15.

Those seven Defendants eventually were served and filed answers to the Second Amended Complaint. See Filing Nos. 34, 35, 36, 56, 64, 67, 68. On November 12, 2021, one month after the last answer was filed, the Court entered a case progression order and authorized discovery. Filing No. 71.

Plaintiff then filed a motion for leave to file a third amended complaint which, among other things, would add ten Defendants (including seven previously dismissed Defendants) and revive the individual-capacity claim against the NDCS Director.[3] The Court granted the motion, stayed the case progression order, and, in order to expedite matters and to avoid incurring unnecessary expenses, requested the Nebraska Attorney General to obtain authority to appear on behalf of all Defendants after the third amended complaint was filed. Filing No. 75. The Court did not determine whether the proposed pleading stated actionable claims, but noted: "If the proposed Third Amended Complaint is filed, the sufficiency of the pleading can best be determined based upon any defenses or objections presented by Defendants in accordance with the Federal Rules." Id. at 2.

Plaintiff's Third Amended Complaint was filed on December 10, 2021. Filing No. 77. Defendants moved to dismiss the Third Amended Complaint for various reasons on March 14, 2022. See Filing Nos. 88–96. Plaintiff filed an opposing brief on March 24, 2022, Filing No. 100, and Defendants replied on April 25, 2022, Filing No. 110.

Shortly thereafter, on May 12, 2022, Plaintiff filed a motion for leave to amend to add the NDCS medical director as an additional Defendant and to include additional

---

[3] Plaintiff had filed a separate action against the seven previously dismissed Defendants and Director Frakes in his official capacity on July 28, 2021. See Case No. 8:21CV285. The Court dismissed that action without prejudice on October 12, 2021, after determining on initial review that it was duplicative of the present action. Plaintiff was instructed that he would need to file a motion for leave to amend in this case, along with a proposed pleading and a supporting brief if he wished to revive the dismissed claims.

3

facts. Filing No. 112. Defendants did not file a brief in opposition to Plaintiff's motion. *See* Filing No. 114 at 1. The Court, which had not yet ruled on Defendants' motion to dismiss, granted Plaintiff's motion to amend, stating:

> The court concludes Plaintiff's motion should be granted. Defendants have not demonstrated they will be prejudiced by the filing of the proposed Fourth Amended Complaint. There is no evidence of undue delay, bad faith, or dilatory motive on Plaintiff's part. In addition to updating his pleading, Plaintiff presumably is attempting to address issues raised by Defendants in their pending motions to dismiss (Filings 89, 91, 93, 95). If the proposed Fourth Amended Complaint is filed, the sufficiency of the pleading can best be determined based upon any defenses or objections presented by Defendants in accordance with the Federal Rules.

*Id*. at 2.

Plaintiff's Fourth Amended Complaint was filed on June 27, 2022. Filing No. 116. On July 5, 2022, Plaintiff filed another motion for leave to amend, indicating that he wished to correct a misstatement of fact in one paragraph of his pleading. Filing No. 117. The Court granted the motion to amend, again stating that "the sufficiency of the pleading can best be determined based upon any defenses or objections presented by Defendants in accordance with the Federal Rules." Filing No. 118 at 2.

Plaintiff's Fifth Amended Complaint was filed on July 27, 2022. Filing No. 119. It included claims for damages against eighteen Defendants for alleged substantive due process violations and an alleged procedural due process violation by the medical director, as well as a claim for declaratory and injunctive relief against the NDCS Director in his official capacity. In addition to these constitutional claims, Plaintiff alleged state-law claims for negligence and medical malpractice.

Defendants filed a motion to dismiss the Fifth Amended Complaint on August 17, 2022. Filing No. 120. Plaintiff filed an opposing brief on August 29, 2022. Filing No.

123. On September 6, 2022, Defendants replied, Filing No. 124, and the motion was ripe for decision. The Court granted Defendants' motion to dismiss and entered judgment on September 12, 2022, dismissing Plaintiff's § 1983 claims with prejudice and his state-law claims without prejudice. Filing No. 125; Filing No. 126.

On September 13, 2022, the Clerk of the Court received in the mail from Plaintiff, and docketed, an undated certificate of service indicating that Plaintiff had sent Defendants a copy of a motion to amend and a proposed Sixth Amended Complaint "for the purposes of [giving] the defendants notice and opportunity to oppose the motion to amend." Filing No. 127. There was no motion to amend attached to the certificate of service or on file at that time. Ten days later, on September 23, 2022, the Clerk of the Court received in the mail from Plaintiff, and docketed, a motion to amend, together with a proposed Sixth Amended Complaint. Filing No. 128. The certificate of service with the motion indicated the filing was mailed to the Clerk on September 21, 2022. Id. at 2. Shortly thereafter, Plaintiff filed an "amended" motion to amend, along with another proposed Sixth Amended Complaint. Filing No. 130. Defendants filed a brief in opposition, Filing No. 135, and Plaintiff filed a reply brief, Filing No. 136. On December 14, 2022, the Court entered a Memorandum and Order (hereinafter "Post-Judgment Order") denying Plaintiff's post-judgment motions to amend finding that Plaintiff "failed to show sufficient cause for reopening this case under Rules 59(e) and 60(b)." Filing No. 137 at 13. The Court also found "that allowing amendment would be futile because the proposed Sixth Amended Complaint fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 against any existing or proposed Defendant." Id.

5

On January 13, 2023, Plaintiff filed his present Motion to Alter or Amend Judgment challenging the Court's disposition of his previous post-judgment motion to amend, along with a brief in support.  Filing No. 138; Filing No. 139.  Defendants filed a brief in opposition, Filing No. 143, and Plaintiff filed a reply brief, Filing No. 147, on February 24, 2023.

## II.  DISCUSSION

Plaintiff seeks relief from the Court's December 14, 2022, Post-Judgment Order under Federal Rule of Civil Procedure 59(e).  Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence.  *Akpovi v. Douglas*, 43 F.4th 832, 837 (8th Cir. 2022).  Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment.  *Id*.  A Rule 59(e) motion "must be filed no later than 28 days after the entry of judgment."  Fed. R. Civ. P. 59(e). Giving Plaintiff the benefit of the prison mailbox rule,[4] his motion was filed within 28 days of the Court's Post-Judgment Order.  *See* Filing No. 139 at 20 (certificate of service indicating motion mailed on January 8, 2023).

As an initial matter, Defendants contend Plaintiff may not use a Rule 59(e) motion to challenge the Court's previous ruling under Rule 59(e) and Rule 60(b).  *See* Filing No. 143 at 5–6.  The Eighth Circuit has explained that "Rule 59(e) motions are motions to alter or amend a *judgment*, not any nonfinal order." *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999) (emphasis in original); *see also Kohlbeck v. Wyndham Vacation Resorts, Inc.*, 7 F.4th 729, 734 (8th Cir. 2021) (noting that a motion under Rule

---

[4] "Under the prison mailbox rule, a pro se pleading is deemed filed upon deposit in the prison mail system prior to the expiration of the filing deadline."  *United States v. Harrison*, 469 F.3d 1216, 1217 (8th Cir. 2006).

59(e) "is reserved for final judgments"). "Further, an order denying a Rule 60(b) motion is a final order for purposes of appeal." *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) (citing *Mohammed v. Sullivan*, 866 F.2d 258, 260 (8th Cir.1989)). Additionally, as Defendants note, the Seventh Circuit Court of Appeals has recognized that "a party who does not prevail on a Rule 60(b) motion may challenge that judgment with a motion to alter or amend under Rule 59(e)," but such challenge is limited in scope as "[t]he Rule 59(e) motion challenges only the Rule 60(b) judgment, not the validity of the underlying judgment." *Martinez v. City of Chicago*, 499 F.3d 721, 727 (7th Cir. 2007) (internal quotation marks omitted). Given these authorities, the Court assumes, without deciding, that Plaintiff may properly challenge the Court's Post-Judgment Order pursuant to Rule 59(e). However, Plaintiff has failed to present any new evidence or manifest errors of law or fact that would entitle him to relief from the Court's Post-Judgment Order under Rule 59(e), and his motion will be denied.

Plaintiff raises three arguments in support of his Rule 59(e) motion. First, he argues that he was prejudiced when Defendants were allowed to file a motion to dismiss after they had failed to oppose Plaintiff's motion to amend his Fourth Amended Complaint. Filing No. 139 at 7–11. Second, Plaintiff claims the Court erred in determining that Plaintiff did not attempt to file a motion to amend prior to entry of the judgment on Defendants' motion to dismiss. *Id*. at 11–15. Lastly, Plaintiff argues the Court erred in denying his post-judgment motion to amend because his proposed Sixth Amended Complaint satisfies the standard for a due process violation in the context of an involuntary medication order, which Plaintiff contends is not "deliberate indifference"

7

but only "negligence or malpractice" under Washington v. Harper, 494 U.S. 210 (1990). Id. at 15–19.

**A. Defendants' Motion to Dismiss**

In his first argument, Plaintiff essentially argues that Defendants waived any challenge to the Fifth Amended Complaint's allegations under Fed. R. Civ. P. Rule 12(b)(6) because they failed to oppose his motion to amend on futility grounds. Plaintiff cites to NECivR 7.1(b)(1)(B) and (C), which provide that "[a] brief opposing any other motion must be filed and served within 14 days after the motion and supporting brief are filed and served" and "[f]ailure to file an opposing brief is not considered a confession of a motion but precludes the opposing party from contesting the moving party's statement of facts." Plaintiff argues that, because Defendants failed to file a brief opposing his motion to amend within the time frame provided by NECivR 7.1(b)(1)(B), "the Rule precluded them from contesting the statement of facts of [Plaintiff's] proposed amended complaint." Filing No. 139 at 10.

Plaintiff's argument improperly attacks the Court's underlying judgment granting Defendants' motion to dismiss as it was raised by Plaintiff in his response to Defendants' motion to dismiss and was addressed and rejected by the Court in its order dismissing Plaintiff's claims. See Filing No. 123 at 2; Filing No. 125 at 7; see also Filing No. 147 at 3 (Plaintiff acknowledges argument raised in opposition to Defendants' motion to dismiss). Plaintiff did not raise this issue in his post-judgment motion to amend so the Court did not address it in the Post-Judgment Order, Filing No. 137. Thus, this argument cannot serve as the basis for Rule 59(e) relief here.

Regardless, Plaintiff's argument is without merit as the Court has already explained. See Filing No. 125 at 7. In granting Plaintiff's motion to amend, the Court expressly stated it was not making any determination as to futility since such determination could be better addressed by the parties in accordance with the Federal Rules, and nothing required the Court, in the exercise of its discretion, to decide whether Plaintiff's proposed amendments were futile. See Niagara of Wisconsin Paper Corp. v. Paper Indus. Union-Mgmt. Pension Fund, 800 F.2d 742, 749 (8th Cir. 1986) ("The decision as to whether to grant leave to amend is entrusted to the sound discretion of the district court."). Moreover, Defendants were required to file a response to Plaintiff's Fifth Amended Complaint, see Filing No. 118 at 2–3 (ordering Defendants to respond to Fifth Amended Complaint within 21 days of its filing), and were specifically permitted to file a motion to dismiss for failure to state a claim in response to Plaintiff's Fifth Amended Complaint. See Fed. R. Civ. P. 12(b)(6). Plaintiff's reading of NECivR 7.1(b)(1)(C) is mistaken as "the statement of facts" Defendants were precluded from contesting were Plaintiff's statements in support of his motion to amend, see Filing No. 117 at 1, not the allegations of his proposed amended complaint.

B. Attempt to Amend Prior to Judgment

Plaintiff next asserts that the Court made a manifest error of law and fact by failing to consider that he attempted to file his motion to amend his Fifth Amended Complaint prior to the Court's ruling on Defendants' motion to dismiss. Filing No. 139 at 13. Contrary to Plaintiff's assertion, the Court considered this argument in the Post-Judgment Order and concluded that even if Barber had attempted to submit his amended complaint before September 12, 2022, this fact would be "immaterial"

because the Plaintiff had "unmistakably signaled that he was standing on his claims as pleaded in the Fifth Amended Complaint." Filing No. 137 at 10; see Filing No. 123 at 4–11 (where Plaintiff argues at length that he had sufficiently stated claims for relief under 42 U.S.C. § 1983 and under Nebraska law).

Plaintiff contends, however, that it was reasonable for him to reconsider standing on his claims after receiving Defendants' reply brief in support of their motion to dismiss, particularly based on his previous experience of being able to amend his complaint after submitting a brief in opposition to Defendants' motion to dismiss the Third Amended Complaint. Filing No. 139 at 14–15. Plaintiff argues that the Court abused its discretion by ruling on Defendants' motion to dismiss shortly after briefing was completed to deny Plaintiff an opportunity to amend his Fifth Amended Complaint. *Id*. at 15. However, Plaintiff was put on notice of Defendants' position that his Fifth Amended Complaint failed to state a claim by their *initial* motion and brief. That Plaintiff chose to wait until after Defendants submitted their reply brief to amend his complaint was a choice he made with the knowledge charged to him that nothing prevented the Court from ruling on Defendants' motion to dismiss as soon as the briefing was completed and the matter ripe for disposition. *See* Filing No. 137 at 9 (citing NECivR 7.1(g) ("a motion is submitted on the briefs and any evidence filed when the time limit specified in Nebraska Civil Rule 7.1(c) expires"); NEGenR 1.3(g) (pro se Plaintiff "is bound by and must comply with all local and federal procedural rules")). Requiring parties to adhere to the Court's procedural rules is not an error of law, as the Court previously explained, and Plaintiff offers no new evidence or legal arguments that undermine the Court's conclusions in the Post-Judgment Order.

### C. Substantive Due Process Claim Standard

Finally, Plaintiff argues, liberally construed, that the Court erred in denying his post-judgment motion to amend because his proposed Sixth Amended Complaint satisfies the standard for a due process violation in the context of an involuntary medication order, which Plaintiff contends is not "deliberate indifference" but only "negligence or malpractice" under *Washington v. Harper*, 494 U.S. 210 (1990). Filing No. 139 at 15–19. Plaintiff's argument relies on the following excerpt taken from *Harper*:

> The [Washington State] court found also that the medical treatment provided to respondent, including the administration of antipsychotic drugs, was at all times consistent "with the degree of care, skill, and learning expected of a reasonably prudent psychiatrist in the State of Washington, acting in the same or similar circumstances." In the absence of record evidence to the contrary, we are not willing to presume that members of the staff lack the necessary independence to provide an inmate with a full and fair hearing in accordance with the Policy.

*Harper*, 494 U.S. at 233 (internal citation omitted); *see also* Filing No. 139 at 17–18. However, this language relates to the *Harper* Court's discussion of *procedural* due process. It does not demonstrate, as Plaintiff contends, a negligence or malpractice standard for a *substantive* due process violation.

As the Court explained in the Post-Judgment Order, Plaintiff's allegations in his proposed Sixth Amended Complaint "suggest Defendants were negligent or committed medical malpractice in misdiagnosing his mental condition and concluding he was dangerous," but "do not show Defendants were deliberately indifferent to Plaintiff's rights" as is required to state a substantive due process claim. Filing No. 137 at 12; *see also* Filing No. 125 at 12–13. Thus, Plaintiff has failed to establish the Court committed any manifest error of law with respect to Plaintiff's substantive due process claim.

### III. CONCLUSION

Upon careful consideration of Plaintiff's arguments, the Court concludes Plaintiff has not demonstrated any legitimate reason for altering, amending, or otherwise obtaining any relief from the Court's Post-Judgment Order under Rule 59(e).

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion to Alter or Amend Judgment, Filing No. 138, is denied.

2. Plaintiff's Motion for Status Hearing, Filing No. 149, is denied as moot.

Dated this 28th day of March, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge